UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
Tyler Division

| | |
|---|---|
| Paul Buelvas, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>NRS d/b/a Nationwide Recovery Systems, LTD.,<br><br>Defendant(s). | C.A. No: 6:22-cv-400<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Paul Buelvas (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through his attorneys, against the Defendant NRS d/b/a Nationwide Recovery Systems, LTD. (hereinafter, "Defendant" or "NRS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.       Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3.       The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Defendant resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.       Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6.       Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.       Plaintiff is a resident of the State of Florida.

8.       Defendant NRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal office address located at 501 Shelley Drive, Suite 300, Tyler, Texas 75701 and an address for service of process located at c/o Corporation

Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

9. Upon information and belief, Defendant NRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals to whom the Defendant NRS mailed an initial collection letter from Texas;

   b. attempting to collect a consumer debt;

   c. wherein the letter sets forth conflicting original balances and a facially incorrect accounting of the debt; and

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e and/or 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the allegations above as if set forth here.

20. Some time prior to July 18, 2022, an obligation was allegedly incurred to the original creditor, EMERGENCY PHYS SOLUTIONS-S FL, a non-party to the instant suit.

21. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes, specifically physician services.

22. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Upon information and belief, non-party Pendrick Capital Partners II, LLC ("Pendrick") purchased the debt from the original creditor.

25. Upon information and belief, Pendrick contracted with the Defendant NRS for the purpose of debt collection. Therefore, Defendant NRS is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

26. Defendant uses the instrumentalities of interstate commerce or the mail in its businesses, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

### *Violations – July 18, 2022 Collection Letter*

27. On or about July 18, 2022, Defendant sent the Plaintiff an initial collection letter (the "Letter") regarding the debt purportedly owed to Pendrick. (*See* "Letter" at Exhibit A).

28. Pursuant to 15 U.S.C. § 1692l(d) "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

29. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

30. 12 CFR § 1006.34(d) states that "The validation information required by paragraph (c) of this section must be clear and conspicuous."

31. Additionally, 12 CFR § 1006.42 requires:

(a) *Sending required disclosures –*

    (1) ***In General.*** A debt collector who sends disclosures required by the Act and this part in writing or electronically must do so in a manner that is reasonably expected to provide actual notice, and in a form that the consumer may keep and access later.

32. The Letter contains some of the notices previously required by 15 U.S.C. § 1692g, but does not provide clear and conspicuous information that is reasonably expected to provide actual notice as required by Regulation F.

33. Specifically, the Letter states:

| | |
|---|---|
| As of 09-05-18 [transaction date], you owed | $2,639.00 |
| Between 09-05-18 and today | |
| You were charged this amount in interest: | $0.00 |
| You were charged this amount in fees: | $0.00 |
| You paid or were credited this amount toward the debt: | $175.00 |
| Total amount of the debt now: | $2,077.00 |

34. Moreover, the Letter contains an itemized accounting of the debt that conflicts with the information of Paragraph 28 above because it sets forth that the original balance on the 09-05-18 transaction date was $2077.00 and that the total amount of the debt now is $2077.00.

35. The Letter is nonsensical.

36. It is not possible for the current balance to be $2,077.00 if only $175.00 was paid or credited toward the "you owed" balance of $2,639.00.

37. Upon reading the Letter, the least sophisticated consumer could interpret the balance owed as $2,077.00.

38. In the alternative, the least sophisticated consumer could interpret the balance to be $2,639.00 minus payments and credits in the amount of $175.00 for a total of $2,464.00.

39. Alternatively, the least sophisticated consumer could interpret the balance to be $2,077.00 minus payments and credits in the amount of $175.00 for a total of $1,902.00.

40. Since the Letter's language has multiple meanings, it is deceptive and misleading to the least sophisticated consumer.

41. For the same reasons, the Letter was deceptive and misleading to the Plaintiff.

42. Because of the conflicting amounts listed, the Letter fails to clearly state the amount of the debt.

43. Defendant's improper collection led the Plaintiff to believe that the Letter was fraudulent, or at least suspect, in whole or in part.

44. Plaintiff was misled as to whether the Letter was from a legitimate debt collector, a fraudulent wrongdoer hoping to induce erroneous payment, or for a debt that was already satisfied.

45. The unexplained contradictions caused the Plaintiff to fear that the Letter was a scam.

46. Because of the Defendant's improper collection, Plaintiff was unable to properly respond to the Letter.

47. Plaintiff was therefore unable to make payment on the debt.

48. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

49. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he did indeed owe the debt.

50. Because of the Defendant's improper collection, Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had the Defendant's Letter not contained false, deceptive, misleading, and/or unfair content.

51. Moreover, because of this, Plaintiff expended time and money in determining the proper course of action.

52. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

53. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of further reputational and financial harm in the form of credit collection informational furnishment to credit bureaus, and ultimate dissemination, to third parties.

54. Moreover, Defendant's improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff to lose the opportunity to settle the debt at a discount.

55. Additionally, Defendant's improper acts, and the Plaintiff's reliance thereon, also caused the Plaintiff emotional harm in the form of stress and fear.

56. Plaintiff's emotional harm manifested itself physically in the form of lost sleep.

57. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

58. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

59. Plaintiff is entitled to receive proper notice of the character, amount and legal status of the debt, as required by the FDCPA.

60. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

61. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

62. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

63. Plaintiff was misled to his detriment by the statements in the Letter, and relied on the content of the Letter to his detriment.

64. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

65. As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

66. Plaintiff repeats the allegations above as if set forth here.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

68. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Defendant violated §1692e:

   a. As the Letter falsely represents the true character, amount and/or legal status of the debt in violation of §1692e(2)(A); and

   b. By making false and misleading representations/omissions in violation of §1692e(10).

70. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

71. Plaintiff repeats the allegations above as if set forth here.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

73. Pursuant to 15 USC §1692g(a)(1):

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing … the amount of the debt…

74. Defendant violated 15 U.S.C. §1692g (a)(1) by failing to clearly identify, and

therefore overshadowing, the amount of the debt.

75. Moreover, the Letter does not provide clear and conspicuous information that is reasonably expected to provide actual notice as required by Regulation F.

76. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

77. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Paul Buelvas, individually and on behalf of all others similarly situated, demands judgment from the Defendant NRS as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned counsel as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: October 12, 2022 | Respectfully Submitted,<br><br>**Stein Saks, PLLC**<br>/s/ Yaakov Saks<br>Yaakov Saks, Esq.<br>One University Plaza, Suite 620<br>Hackensack, NJ 07601<br>P. (201) 282-6500<br>ysaks@steinsakslegal.com<br>*Counsel for Plaintiff* |